UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEDCOR CONSTRUCTION INC., <br><br> Plaintiff, <br><br> v. <br><br> HERITAGE CONSTRUCTION COMPANY, et al., <br><br> Defendants. | Case No.: 19cv1055-JAH (MDD) <br><br> **ORDER GRANTING MOTION TO REMAND (Doc. No. 5)** |

## INTRODUCTION

Pending before the Court is Plaintiff Ledcor Construction, Inc.'s ("Plaintiff") Motion to Remand to State Court ("Motion"). See Doc. No. 5. Defendant Heritage Construction, et al. ("Defendants") have not filed a response in opposition. After careful consideration of the pleadings, and for the reasons set forth below, the Court **GRANTS** Plaintiff's Motion (Doc. No. 5).

## BACKGROUND

This case was removed from San Diego Superior Court on June 5, 2019. See Doc. No. 1. On July 5, 2019, Plaintiff filed the Motion to Remand to State Court. See Doc. No. 5. Defendants had until August 12, 2019 to file a response in opposition. To date, no response has been filed.

1

# DISCUSSION

## I. Legal Standard

The federal court is one of limited jurisdiction. <u>Gould v. Mutual Life Ins. Co. v. New York</u>, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. <u>Steel Co. v. Citizens for a Better Environ.</u>, 523 U.S. 83, 93-94 (1998). The removal statute, 28 U.S.C. § 1441 allows defendants to remove an action when a case originally filed in state court presents a federal question, or is between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1441(a) and (b); 28 U.S.C. §§1331, 1332(a). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. <u>Boggs v. Lewis</u>, 863 F.2d 662, 663 (9th Cir. 1988). The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). Specifically, the burden is on the removing party to demonstrate federal subject matter jurisdiction over the case. See <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1195 (9th Cir. 1988).

## II. Analysis

Plaintiff argues that there is no federal jurisdiction over this case. Doc. No. 5-1 at pg. 2. The Court agrees. The burden is on the removing party to demonstrate federal subject matter jurisdiction over the case. <u>Emrich</u>, 846 at pg. 1195. The Court finds that Defendants have not met this burden. Plaintiff's complaint centers on a breach of contract cause of action and no federal question exists. In addition, there is no complete diversity because Plaintiff is a citizen of the State of California and one or more of defendants are citizens of the State of California as well. Accordingly, the Court finds that remand is proper.

//
//
//

# **CONCLUSION**

Based on the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. No. 5) is **GRANTED**.

**IT IS SO ORDERED.**

DATED: August 27, 2019

_____
JOHN A. HOUSTON
United States District Judge